UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LISA STOUMILE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:22-cv-177 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| EBY-BROWN COMPANY, LLC, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE (DOC. NO. 12); PROVIDING NOTICE TO PLAINTIFF OF HER OPTIONS REGARDING THIS CASE; AND ORDERING PLAINTIFF TO CHOOSE AN OPTION BY A SPECIFIC DATE.**

---

Currently before the Court is Plaintiff's Motion to Dismiss Without Prejudice (Doc. No. 12) (the "Motion"), filed by Plaintiff Lisa Stoumile ("Stoumile"). Defendant, Eby-Brown Company, LLC ("Eby-Brown"), opposes the Motion and requests that the instant action instead be dismissed with prejudice. (Doc. No. 13 at PageID 95.) For the reasons set forth below, the Court **DENIES** the Motion; provides Stoumile notice of her options regarding this case; and **ORDERS** Stoumile to make filings in accordance with this order's CONCLUSION section.

**I.     BACKGROUND**

Stoumile filed the current lawsuit nearly one-and-a-half years ago, on May 18, 2022, in the Clark County Court of Common Pleas. (Doc. No. 3.) Eby-Brown subsequently removed the case to this Court on July 1, 2022. (Doc. No. 1.) In her Complaint, Stoumile brings a single employment-related claim against Eby-Brown for race and gender discrimination in violation of Ohio Rev. Code § 4112. (Doc. No. 3 at PageID 26.)

On September 22, 2022, the Court entered a Preliminary Pretrial Conference Order that

1

established a discovery cut-off date of September 15, 2023, and a trial date of June 17, 2024. (Doc. No. 8.) To-date, Stoumile has conducted no discovery in this action. (Doc. Nos. 13 at PageID 93; 13-1 at PageID 98.) On April 14, 2023, Eby-Brown served written discovery requests on Stoumile, including interrogatories and requests for production. (Doc. No. 10-1.) On May 10, 2023, five days from the deadline for Stoumile's discovery responses, Stoumile and her counsel informally requested an extension to respond to Eby-Brown's discovery requests. (Doc. No. 10-2 at PageID 83.) Eby-Brown and its counsel obliged and the Parties agreed that Stoumile's discovery responses would be due on June 1, 2023. (*Id.*) Even with the benefit of this extension, Stoumile failed to timely respond to Eby-Brown's written discovery requests. (Doc. Nos. 10 at PageID 55; 13-1 at PageID 98.)

Throughout July and August of 2023, counsel for Eby-Brown unsuccessfully attempted to informally resolve Stoumile's failure to respond to discovery. (Doc. No. 10-2 at PageID 78-82.) During this time, Eby-Brown also tentatively scheduled Stoumile's deposition. (*Id.*) On August 23, 2023—with the discovery deadline in this case approaching—Eby-Brown filed Defendant's Unopposed Motion for an Informal Discovery Dispute Conference. (Doc. No. 10.) That motion explained that Eby-Brown had attempted to resolve the Parties' discovery issues by extrajudicial means, but Stoumile's written discovery responses were required in advance of Stoumile's deposition on September 7, 2023, and the looming discovery deadline of September 15, 2023. (*Id.* at PageID 55-56.)

On August 29, 2023, Magistrate Judge Peter B. Silvain, Jr. held a discovery telephone conference with the Parties. (8/29/2023 Minute Entry.) At the conference, the Court extended the discovery deadline in this case to September 29, 2023. (*Id.*) Further, Stoumile's counsel agreed to provide responses to Eby-Brown's interrogatories by August 31, 2023, and to provide responses

to Eby-Brown's document requests by September 5, 2023. (Doc. No. 13-1 at PageID 99.) Stoumile's deposition was rescheduled for September 26, 2023. (*Id.*)

Stoumile failed to adhere to the new discovery deadlines established by the Court at the August 29, 2023, telephone conference but ultimately did provide some discovery responses.[1] (Doc. Nos. 12 at PageID 90; 13-1 at PageID 99.) On September 22, 2023, counsel for Eby-Brown contacted Stoumile's counsel to confirm Soumile's deposition, scheduled for September 26, 2023. (Doc. No. 13-1 at PageID 99.) Stoumile's counsel did not respond until the afternoon of September 25, 2023, at which time, he indicated Stoumile's intent to file the current Motion. (*Id.*)

On the evening of September 25, 2023, Stoumile filed this Motion. (Doc. No. 12.) On October 3, 2023, Eby-Brown filed a timely response in opposition to the Motion (the "Response"). (Doc. No. 13.) Stoumile did not file a reply. The Motion is now ripe for decision.

## II. ANALYSIS

In the Motion, Stoumile asks the Court to voluntary dismiss this action without prejudice, pursuant to Fed. R. Civ. P. 41(a)(2) so that "she and her attorney" can "reevaluate her claims." (Doc. No. 12 at PageID 87.) To this end, Stoumile argues that such a dismissal would not result in plain prejudice to Eby-Brown. (*Id.* at PageID 88.)

Eby-Brown disagrees, asserting that Stoumile has "exhibited a lack of diligence in prosecuting this action" and dismissal without prejudice here would indeed result in plain prejudice to Eby-Brown. (Doc. No. 13 at PageID 96.) Eby-Brown argues that this case should instead be dismissed with prejudice. (*Id.* at PageID 95-96.) In the event that the Court grants Stoumile's Motion, Eby-Brown alternatively requests that Stoumile be required to pay its costs and attorney's fees. (*Id.* at PageID 96.) Additionally, Eby-Brown submits that if Stoumile refiles this action, she

---

[1] Eby-Brown notes that the responses to its discovery requests were incomplete. (Doc. No. 13-1 at PageID 99.)

3

should not be permitted "another opportunity to conduct discovery" and she should "be required to submit to a deposition without delay. (*Id.*)

### A. <u>Voluntary Dismissal Without Prejudice</u>

"Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a)." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and that, "[u]nless the order states otherwise, a dismissal under this [subsection] is without prejudice." Fed. R. Civ. P. 41(a)(2). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendant[], from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

"A plaintiff who moves to dismiss its action via court order … is subject to the discretion of the district court." *Wellfount, Corp. v. Hennis Care Centre of Bolivar Inc.*, 951 F.3d 769, 774 (6th Cir. 2020). "The district court may deny the motion, require that a dismissal be with prejudice, or impose any other conditions that it deems necessary." *Id.*; *see also Bridgeport Music*, 583 F.3d at 954 ("[a] Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice"). "While such conditions often involve the payment of costs incurred by a defendant," the payment of defense costs is not required for voluntary dismissal under Rule 41(a)(2). *Bridgeport Music*, 583 F.3d at 954.

A district court will abuse its discretion by granting a motion to dismiss without prejudice under Rule 41(a)(2) only if "the defendant would suffer plain legal prejudice as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718 (internal quotation marks omitted). "In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as [1] the defendant's effort and expense

4

of preparation for trial, [2] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [3] insufficient explanation for the need to take a dismissal, and [4] whether a motion for summary judgment has been filed by the defendant." *Id.* A court need not resolve every factor in favor of the moving party to find a dismissal without prejudice is warranted, or vice-versa. *See Wellfount*, 951 F.3d at 774 (motion is subject to the discretion of the district court).

When an action is dismissed without prejudice, a court may "permit allowance of attorney's fees against the dismissing party." *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965); *see also Massey v. City of Ferndale*, 117 F.3d 1420 (Table), (6th Cir. 1997) (affirming district court's order that conditioned plaintiff's request for voluntary dismissal without prejudice on the payment of the defendant's fees and costs). The purpose of imposing payment of the defendant's attorney's fees would be "to compensate the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum." *Smoot*, 353 F.2d at 833.

On the other hand, if an action is dismissed with prejudice, then attorney's fees generally would not be allowed because a dismissal with prejudice "finally terminates the cause and the defendant cannot be made to defend again." *Smoot*, 353 F.2d at 833. However, where the court exercises its discretion to dismiss a case with prejudice the court "must give the plaintiff notice of its intention to dismiss with prejudice, an opportunity to be heard in opposition to dismissal with prejudice and an opportunity to withdraw the request for voluntary dismissal. . ." *Israfil v. Woods*, No. 1:09-cv-468, 2015 WL 13621044, at *2 (S.D. Ohio Nov. 19, 2015) (citing Fed. R. Civ. P. 41(a)(2); *U.S. v. One Tract of Real Prop. Together With All Bldgs., Improvements, Appurtenances, & Fixtures*, 95 F3d 422, 425 (6th Cir. 1966) (*One Tract* )).

B. <u>Application</u>

Here, the Court must assess whether Eby-Brown "would suffer plain legal prejudice as a result of a dismissal without prejudice." *Grover*, 33 F.3d at 718. Accordingly, the Court will

weigh the *Grover* factors as listed above against Stoumile's request for a dismissal without prejudice.

Regarding the first factor, Eby-Brown has made significant efforts, and incurred significant expense in this case. (Doc. No. 13 at PageID 94; *see also* Doc. No. 13-1.) For purposes of discovery alone, Eby-Brown has drafted discovery, prepared for Stoumile's deposition, engaged in multiple communications with opposing counsel, and conducted motion practice. (Doc. Nos. 13 at PageID 94; 10-1; 10-2; 10.) The Court finds these efforts to be blatantly one-sided in favor of Eby-Brown. Therefore, this factor weighs against granting a dismissal without prejudice.

As to the second factor, while there has not been significant delay, Stoumile has shown a lack of diligence in this case. Stoumile should not be rewarded for her failures by essentially being allowed to restart her case in the face of an impending dispositive motion deadline through a voluntary dismissal. Thus, the second factor weighs against dismissal without prejudice.

Regarding the third factor, Stoumile provides "insufficient explanation for the need to take a dismissal." *Grover*, 33 F.3d at 718. In the Motion, Stoumile provides that her case should be dismissed without prejudice so she and her attorney can "reevaluate her claims." (Doc. No. 12 at PageID 87.) However, the Court finds this explanation to be indistinct and unlikely considering Stoumile's failure to conduct any discovery. *See Maldonado v. Thomas M. Cooley Law Sch.*, 65 F. App'x 955, 956-57 (6th Cir. 2003) (*Grover* factors "weighed heavily" against granting motion to voluntary dismiss claims without prejudice, including that plaintiff's explanation for moving to dismiss "was, at best, convoluted"). As such, the third factor weighs in favor of Eby-Brown's position.

The Court finds that the fourth factor weighs in favor of Stoumile's position. No dispositive motions are currently pending in this matter apart from the Motion at issue here.

Despite the preceding three *Grover* factors, this factor does not suggest prejudice to Eby-Brown.

Ultimately, all but one of the *Grover* factors weigh in favor of Eby-Brown's position. The Court finds that granting Stoumile a voluntary dismissal without prejudice is wholly unwarranted based on the circumstances presented. Stoumile has conducted no discovery since first instituting this case. (Doc. Nos. 13 at PageID 93; 13-1 at PageID 98.) Put bluntly, Stoumile has no facts with which to reevaluate her claims that she did not have on May 18, 2022. Dismissal without prejudice would only allow Stoumile and her counsel to hit the reset button on this litigation and force Eby-Brown to engage in the same painstaking routine in the future. Therefore, the Motion is denied.

### C. Options for Proceeding

The Court finds that three alternatives would be appropriate for proceeding with this case. The Court will allow Stoumile the opportunity to choose from among these three alternatives.

First, Stoumile may choose to have the Court dismiss this case <u>with</u> prejudice. If she chooses this option, then the Court will not impose attorney's fees or any other conditions. *See Smoot*, 353 F.2d at 833; *Tenn. Health Car Ass'n v. Comm'r, Tenn. Dept. of Health and Env't*, 956 F.2d 270 (Table), (6th Cir. 1992) (reversing order that granted motion to dismiss upon the conditions that the action be dismissed with prejudice and that plaintiff pay defendant's costs and attorney's fees).

Second, Stoumile may choose to proceed with this case conditioned upon complying with her discovery requirements and permitting Eby-Brown additional time to receive that discovery, conduct Stoumile's deposition, and, if Eby-Brown so chooses, to file a motion for summary judgment. If Stoumile chooses this option, then (1) the Court would require the Parties to propose an amended pre-trial schedule identifying all outstanding discovery requirements; (2) the Court would order Stoumile to comply with those discovery requirements consistent with the proposed schedule; (3) any failure by Stoumile to comply with discovery requirements would lead to

sanctions, including the possibility of monetary sanctions and/or dismissal of the case with prejudice; and (4) set a new deadline for Eby-Brown to file a motion for summary judgment consistent with the Parties proposed amended pre-trial schedule, if it would decide to file such a motion.

Third, Stoumile and her counsel may agree to have the Court enter a dismissal of this case without prejudice conditioned on the requirement that Stoumile, should she refile this action, shall not be permitted another opportunity to conduct discovery and shall make herself available for a deposition without delay.[2] The reason for imposing this condition is to ensure that Eby-Brown will be in substantially the same position upon refiling of this case as in the case's current posture. If Stoumile does not refile this action, then Eby-Brown will not be required to retrace its steps from this litigation. Conversely, if Stoumile does refile this action, this condition ensures that Eby-Brown may pick up where it left off and subject Stoumile to a deposition relatively quickly.

### III. CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's Motion to Dismiss Without Prejudice (Doc. No. 12) and **ORDERS** the following:

1. The Court provides notice to Stoumile and Stoumile's counsel that they must choose from one of three options for proceeding with this case within thirty (30) days of the Court entering this order: (a) dismiss this case with prejudice; (b) proceed with this case conditioned upon Stoumile complying with any remaining discovery requirements and permitting Eby-Brown additional time to receive that discovery, conduct Stoumile's deposition, and, if Eby-Brown so chooses, to file a

---

[2] In its response, Eby-Brown has not provided a reasonable basis for the Court to approximate Defendant's costs and attorney's fees associated with this action. Therefore, the Court will not entertain Eby-Brown's alternative request in this regard.

motion for summary judgment (as set forth in more detail above); or (c) have the Court enter a dismissal of this case <u>without</u> prejudice conditioned on the requirement that Stoumile, should she refile this action, shall not be permitted another opportunity to conduct discovery and shall make herself available for a deposition without delay.

2. **<u>Within thirty (30) days of this order being entered</u>**, Stoumile must file a notice that indicates which of the three options she has chosen. In the event that she chooses the second option, then Stoumile's notice must be accompanied by the Parties proposed amended pre-trial schedule identifying all outstanding discovery requirements. In the event that she chooses the third option, then her notice must indicate that both Stoumile and her counsel agree with that choice and its conditions. The Court will enter a separate order based on Stoumile's selection. Failure by Stoumile to timely file her notice in compliance with this Entry and Order will result in the case being dismissed <u>with</u> prejudice.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 24, 2023.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE
