UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LISA STOUMILE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:22-cv-177 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| EBY-BROWN COMPANY, LLC, | : | |
| | : | |
| Defendant. | : | |

### ENTRY AND ORDER DISMISSING THE INSTANT ACTION WITH PREJUDICE

This case is currently before the Court following a failure by Plaintiff, Lisa Stoumile ("Stoumile"), to timely notify the Court of her preference for proceeding with the instant action in accordance with the Court's October 24, 2023, Entry and Order Denying Plaintiff's Motion to Dismiss Without Prejudice; Providing Notice to Plaintiff of her Options Regarding this Case; and Ordering Plaintiff to Choose an Option by a Specific Date (the "Order"). (Doc. No. 15.) For the reasons set forth below, the Court will **DISMISS** the present action **WITH PREJUDICE**.

I.  **BACKGROUND**

Stoumile filed the current lawsuit just over one-and-a-half years ago, on May 18, 2022, in the Clark County Court of Common Pleas alleging a single employment-related claim against Defendant, Eby-Brown Company, LLC ("Eby-Brown"), for race and gender discrimination in violation of Ohio Rev. Code. § 4112. (Doc. No. 3 at PageID 26.) Eby-Brown subsequently removed the case to this Court on July 1, 2022. (Doc. No. 1.)

On September 22, 2022, the Court entered a Preliminary Pretrial Conference Order that established a discovery cut-off date of September 15, 2023, and a trial date of June 17, 2024. (Doc.

1

No. 8.) Stoumile has conducted no discovery. (Doc. Nos. 13 at PageID 93; 13-1 at PageID 98.) On April 14, 2023, Eby-Brown served written discovery requests on Stoumile, including interrogatories and requests for production. (Doc. No. 10-1.) On May 10, 2023, five days from the deadline for Stoumile's discovery responses, Stoumile and her counsel informally requested an extension to respond to Eby-Brown's discovery requests. (Doc. No. 10-2 at PageID 83.) Eby-Brown and its counsel obliged and the Parties agreed that Stoumile's discovery responses would be due on June 1, 2023. (*Id.*) Even with the benefit of this extension, Stoumile failed to timely respond to Eby-Brown's written discovery requests. (Doc. Nos. 10 at PageID 55; 13-1 at PageID 98.)

Throughout July and August of 2023, counsel for Eby-Brown unsuccessfully attempted to informally resolve Stoumile's failure to respond to discovery. (Doc. No. 10-2 at PageID 78-82.) During this time, Eby-Brown also tentatively scheduled Stoumile's deposition. (*Id.*) On August 23, 2023—with the discovery deadline in this case approaching—Eby-Brown filed Defendant's Unopposed Motion for an Informal Discovery Dispute Conference. (Doc. No. 10.)

On August 29, 2023, Magistrate Judge Peter B. Silvain, Jr. held a discovery telephone conference with the Parties. (8/29/2023 Minute Entry.) At the conference, the Court extended the discovery deadline in this case to September 29, 2023. (*Id.*) Further, Stoumile's counsel agreed to provide responses to Eby-Brown's interrogatories by August 31, 2023, and to provide responses to Eby-Brown's document requests by September 5, 2023. (Doc. No. 13-1 at PageID 99.) Stoumile's deposition was rescheduled for September 26, 2023. (*Id.*)

Stoumile did not adhere to the new discovery deadlines established by the Court at the August 29, 2023, telephone conference but ultimately did provide some discovery responses.[1]

---

[1] Eby-Brown states that the responses to its discovery requests were incomplete. (Doc. No. 13-1 at PageID 99.)

(Doc. Nos. 12 at PageID 90; 13-1 at PageID 99.) On September 22, 2023, counsel for Eby-Brown contacted Stoumile's counsel to confirm Soumile's deposition, scheduled for September 26, 2023. (Doc. No. 13-1 at PageID 99.) Stoumile's counsel did not respond until the afternoon of September 25, 2023, at which time, he indicated Stoumile's intent to file a motion to dismiss without prejudice. (*Id.*)

On the evening of September 25, 2023, Stoumile filed Plaintiff's Motion to Dismiss Without Prejudice (the "Motion to Dismiss"). (Doc. No. 12.) After briefing by the Parties[2], the Court issued its Order denying Stoumile's Motion to Dismiss. (Doc. No. 15.) Instead, the Court afforded Stoumile three options for proceeding with this case: Stoumile could choose to dismiss her case with prejudice; Stoumile could proceed with the instant action on the condition that she comply with any remaining discovery requirements and permit Eby-Brown adequate time to receive that discovery; or, Stoumile could agree to dismiss this case without prejudice on the condition that, should she refile the action, she would not be permitted another opportunity to conduct discovery and make herself available for a deposition without delay. (*Id.* at PageID 108-09.) The Court further advised that Stoumile's failure to notify the Court of her preference among the three options within thirty (30) days of the Order would result in a dismissal with prejudice. (*Id.* at PageID 109.) To-date, Stoumile has failed to provide the Court with any such notice.

## II. ANALYSIS

The Court's determination here stems from Stoumile's request for a voluntary dismissal per the Motion to Dismiss. Although the Court denied the Motion to Dismiss, Stoumile's failure to timely notify the Court in accordance with the CONCLUSION section of the Order now forces the Court to once again reckon with Stoumile's request for a voluntary dismissal.

---

[2] Stoumile did not file a reply to Eby-Brown's response in opposition to the Motion to Dismiss.

"Voluntary dismissals are governed by Federal Rule of Civil Procedure 41(a)." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and that, "[u]nless the order states otherwise, a dismissal under this [subsection] is without prejudice." Fed. R. Civ. P. 41(a)(2). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant, here the defendant[], from unfair treatment." *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 583 F.3d 948, 953 (6th Cir. 2009).

"A plaintiff who moves to dismiss its action via court order … is subject to the discretion of the district court." *Wellfount, Corp. v. Hennis Care Centre of Bolivar Inc.*, 951 F.3d 769, 774 (6th Cir. 2020). "The district court may deny the motion, require that a dismissal be with prejudice, or impose any other conditions that it deems necessary." *Id.*; *see also Bridgeport Music*, 583 F.3d at 954 ("[a] Rule 41(a)(2) dismissal may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice"). "While such conditions often involve the payment of costs incurred by a defendant," the payment of defense costs is not required for voluntary dismissal under Rule 41(a)(2). *Bridgeport Music*, 583 F.3d at 954.

Where the court exercises its discretion to dismiss a case with prejudice the court must satisfy three substantive requirements:

> First, the district court must give the plaintiff notice of its intention to dismiss with prejudice. *Jaramillo v. Brukhart*, 59 F.3d 78, 79 (8th Cir. 1995); *Andes v. Versant Corp.*, 788 F.2d 1033, 1037 (4th Cir. 1986). Second, the plaintiff is entitled to an opportunity to be heard in opposition to dismissal with prejudice. *Jaramillo*, 59 F.3d at 79; *Andes*, 788 F.2d at 1037. Third, the plaintiff must be given an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation. *Jaramillo*, 59 F.3d at 79; *Marlow v. Winston & Strawn*, 19 F.3d 300, 305 (7th Cir. 1994); *Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2nd Cir. 1988). This third requirement is essential because, unlike a dismissal without prejudice, a dismissal with prejudice operates as a rejection of the plaintiff's claims on the merits

and res judicata precludes further litigation. *Jaramillo*, 59 F.3d at 79.

*U.S. v. One Tract of Real Prop. Together With All Bldgs., Improvements, Appurtenances, & Fixtures*, 95 F3d 422, 425 (6th Cir. 1996) (*One Tract*)). If an action is dismissed with prejudice, then attorney's fees generally would not be allowed because a dismissal with prejudice "finally terminates the cause and the defendant cannot be made to defend again." *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965).

Here, the Court finds that a dismissal of Stoumile's Complaint with prejudice is warranted. First, Stoumile has been given notice of the possibility that the Court may dismiss this action with prejudice. The Court indicated to Stoumile that she may voluntarily dismiss her Complaint with prejudice. (Doc. No. 15 at PageID 108.) The Court also provided Stoumile with two additional options for proceeding with this case and advised that a failure to notify the Court of her choice among the three options would "result in the case being dismissed with prejudice." (*Id.* at PageID 108-09.)

Second, Stoumile has had ample opportunity to be heard in opposition to a dismissal with prejudice. To start, the Court's Order essentially directed Stoumile to either dismiss her own case with prejudice or communicate her preferred alternative so that she might keep her claim alive. (*Id.*) Indeed, the Court made the effort to formulate alternatives for Stoumile. (*Id.* at PageID 107-08.) Moreover, in its response in opposition to the Motion to Dismiss, Eby-Brown expressly requested that any dismissal of this case be with prejudice. (Doc. No. 13 at PageID 95-96.) Stoumile had the opportunity to reply to Eby-Brown's response and oppose a dismissal with prejudice here. However, Stoumile filed no reply brief at all. This would have been the most natural instance for Stoumile to oppose a dismissal with prejudice and she chose not to do so. *One Tract*, 95 F.3d at 426.

Lastly, Stoumile has been given the opportunity to proceed with the current litigation. The Court did not offer Stoumile the opportunity to withdraw her request for a voluntary dismissal. Nevertheless, the Court provided Stoumile with an equivalent option in the CONCLUSION section of the Order. In its Order, the Court expressly gave Stoumile the option to proceed with this litigation essentially on the condition that she prosecute her case and comply with basic discovery requirements. (Doc. No. 15 at PageID 108-09.) To take voluntary dismissal off the table, a timely notice of Stoumile's desire to proceed with this litigation would have sufficed. Yet, Stoumile did not avail herself of this option.

Accordingly, the Court now finds it appropriate to dismiss this case with prejudice.

### III. CONCLUSION

Based on the foregoing, the Court **DISMISSES** the instant action **WITH PREJUDICE** and instructs the Clerk of Court to **TERMINATE** this case on the Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, December 5, 2023.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE